(No. 76-CC-0809 )

BURDITT & CALKINS, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 23, 1978.*

POLOS, C.J.

The law firm of Burditt & Calkins has brought this action to recover the sum of $19,799.72 which it alleges it is due for legal services rendered to the State of Illinois. Claimant contends the State of Illinois is obligated to pay its billing for representing the State Board of Elections, or the officers thereof, in the litigation entitled *Franklin J. Lunding v. Daniel Walker, and Socialist Workers Party v. State Board of Elections, Et Al.*

At issue is whether the State of Illinois may be charged for the services rendered by Claimant in each of the aforesaid cases.

Franklin J. Lunding was the only witness to testify in this proceeding. He said that the matter of *Lunding v. Walker* arose out of the attempt by former Governor Walker to remove him from the State Board of Elections. Lunding said he initiated the litigation in the Circuit Court of Cook County, in order to prevent his removal. He said that he had conferred with a representative of the Attorney General of Illinois with respect to whether or not that office would represent him in that litigation, and that he determined from his conversation that the Attorney General's office would represent Governor Walker. Lunding said that the Attorney General's office voiced no objection to his obtaining outside counsel to represent him.

Lunding said that Burditt & Calkins was hired to represent the State Board of Elections in the Socialist Workers Party case, because the Office of the Attorney

General refused to represent the State Board of Elections. That action arose after a complaint was filed with the State Board of Elections against the Illinois Socialist Workers Party campaign fund under the "Campaign Financing Act." The Socialist Worker's Party filed suit in the United States District Court for the Northern District of Illinois, challenging the constitutionality of the "Campaign Financing Act." The members of the State Board of Elections were sued in their individual and official capacities, along with the State's Attorney of Cook County, and the Attorney General of Illinois.

Respondent argues that the State is not responsible for the legal fees incurred by the State Board of Elections in these matters. Respondent asserts that the lawsuit brought by Franklin Lunding was his personal litigation, in which the people of the State of Illinois were not the real parties in interest. The State further argues that the Attorney General was the sole legal officer authorized to represent the State Board of Elections in the Socialist Party Workers case, and that the Board was without authority to contract for outside legal counsel.

We find that we do not need to reach these issues, however. In support of their claim, Claimants have submitted the affidavits of Franklin Lunding and Michael E. Lavelle, both of whom were members of the State of Illinois Board of Elections at the times in question. Those affidavits state that at the time the Board contracted for the legal services of Burditt & Calkins, sufficient monies had not been appropriated to the State Board of Elections to cover those expenses.

The Illinois Constitution of 1970, as did its predecessors, vests the power to authorize the expenditure of

State funds exclusively in the General Assembly. Article 8, Section 2, provides:

"The General Assembly by law shall make appropriation for all expenditures of public funds by the State .... appropriations for a fiscal year shall not exceed funds estimated by the General Assembly to be available during that year."

Further, Ill. Rev. Stat., Ch. 127. Sec. 166, states:

"No officer, institution, department, board or commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in an amount in excess of the money appropriated, unless expressly authorized by law."

Thus it has long been held that contracts entered into by state agencies, in excess of appropriations, are null and void. See, *Fergus v. Brady, 277 Ill. 272; Schutte and Koerting Company, et al., v. State, 22 Ill.Ct.Cl. 591; Sears, et al. v. State, 24 Ill.Ct.Cl. 452.*

On the record before this Court, it appears that the State Board of Elections contracted for outside legal services in the absence of an unencumbered appropriation. This Court is therefore without power to make an award in this matter, for to do so would be to usurp the exclusive power of the legislature to determine the limits on the amount of public funds that may be expended.

It is therefore ordered that this claim is denied.